**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TRACI STEVENSON,
Trustee for the Bankruptcy Estate
of Jose A. Rivera,                                          Case No.:

     Plaintiff,

v.

DISCOVER PRODUCTS, INC., d/b/a
DISCOVER BANK, a/k/a
DFS SERVICES, LLC,
a foreign limited liability company,

     Defendant.

_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, TRACI STEVENSON (hereinafter, "Plaintiff") Trustee for the Bankruptcy Estate of Jose A. Rivera (hereinafter, "Debtor"), by and through the undersigned counsel, and hereby sues Defendant, DISCOVER PRODUCTS, INC., d/b/a DISCOVER BANK, a/k/a DFS SERVICES, LLC, a foreign limited liability company (hereinafter, "Defendant").  In support thereof, Plaintiff states:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims

pursuant to 28 United States Code, Section 1367.

2.      Venue in this District is proper because Defendant transacts business in this District, and the conduct complained of occurred in this District.

3.      At all material times herein, the conduct of Defendant, complained of below, occurs in Polk County, Florida.

4.      At all material times herein, Debtor is an individual residing in Polk County, Florida.

5.      At all material times herein, Defendant is a foreign limited liability company with its principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015, that, itself and through its subsidiaries, regularly extends credit cards to consumers in Pinellas County, Florida.

### FDCPA AND FCCPA STATUTORY STRUCTURE

6.      The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 U.S.C. §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

7.      The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts.  15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

8.     Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

9.     For example, the FDCPA and FCCPA each prohibit a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt, and prohibits a person from communicating directly with a debtor known to be represented by an attorney in an attempt to collect a consumer debt.  *See* 15 U.S.C. §§ 1692(c)-(d) and Fla. Stat. §§ 559.72(7) and (18).

10.     Also, the FDCPA prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any consumer debt, prohibits a debt collector from using unfair or unconscionable means to collect a consumer debt, and prohibits a debt collector from collecting any unauthorized amount from a consumer debtor. *See* 15 U.S.C.  §§ 1692e-e(10) and 1692f-f(1).

## TCPA STATUTORY STRUCTURE

11.     Congress enacted the TCPA in an effort to restrict pervasive use of automated or prerecorded telephone calls that invade consumers' personal privacy.  Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1), (5), and (10).

12.     Congress intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id*. at §§ (5) and (12).

13.     Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automatic telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or

up to $500.00 in damages for each violation of the TCPA, whichever is greater.  47 U.S.C. § 227(b)(3)(B).

14.     Additionally, under the TCPA, the court may increase the damage award up to three (3) times, or up to $1,500.00, for each willful or knowing violation of the TCPA.  *Id* at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

15.     At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

16.     At all material times herein, Debtor is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

17.     At all material times herein, Defendant attempts to collect a debt, including but not limited to, a balance allegedly due on a consumer credit card, referenced by account number ending in -4803 (hereinafter, the "Debt").

18.     At all material times herein, the Debt is a consumer debt, resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

19.     At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Fla. Stat. §§ 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

20.     At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

21.     At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

4

22.     All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

23.     Defendant made telephone calls, as more specifically alleged below, to Debtor's cellular telephone number 863-XXX-8463 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

24.     Debtor the possessor, controller, and regular user of a Cellular Telephone with assigned telephone number 863-XXX-8463.

25.     At no time herein did Defendant possess Debtor's prior express consent to call Debtor's Cellular Telephone using an ATDS, a PTDS, or an APV.

26.     Further, if Defendant contends it did possess such consent at one point in time, Debtor nonetheless repeatedly revoked any alleged prior existing express consent the moment Debtor demanded that Defendant cease calling Debtor's Cellular Telephone and again revoked any alleged prior express consent the moment Debtor advised Defendant that he was represented by an attorney with respect to the Debt and provided Defendant with said attorney's contact information.

27.     Additionally, if Defendant contends the below-referenced phone calls were made for "informational purposes only," Defendant nevertheless lacked the required prior express written consent necessary to place such informational calls to Debtor's Cellular Telephone using an ATDS, a PTDS, or an APV.

28.     On or before January 28, 2018, Debtor retained The Law Offices of Eva Donohue, P.A. (hereinafter, "Eva Donohue") with respect to his debts generally, including the Debt.

29.     On or about January 28, 2018, Eva Donohue sent Defendant a facsimile

transmission (hereinafter, "Fax of Representation").  Please see a true and correct copy of the Fax of Representation and facsimile delivery confirmation labeled as Exhibit "A."

30.     Defendant received the Fax of Representation

31.     The Fax of Representation provided Defendant with actual knowledge of Eva Donohue's representation of Debtor with respect to the Debt, provided Defendant with actual knowledge of Eva Donohue's contact information, and advised that any further communications regarding the Debt should be sent to Eva Donohue's office.  *See* Ex. "A."

32.     On or about May 26, 2018, despite Defendant possessing actual knowledge of Eva Donohue's legal representation of Debtor with respect to the Debt and possessing Eva Donohue's contact information, Defendant sent a billing statement directly to Debtor in an attempt to collect the Debt.  Please see a true and correct copy of said billing statement labeled as Exhibit "B."

33.     On or about July 11, 2018 at approximately 2:57 p.m. E.T., despite Defendant possessing actual knowledge of Eva Donohue's legal representation of Debtor with respect to the Debt and possessing Eva Donohue's contact information, Defendant called Debtor's Cellular Telephone using an ATDS, PTDS, or APV.

34.     On or about July 20, 2018 at approximately 11:19 a.m. E.T., despite Defendant possessing actual knowledge of Eva Donohue's legal representation of Debtor with respect to the Debt and possessing Eva Donohue's contact information, Defendant *again* called Debtor's Cellular Telephone using an ATDS, PTDS, or APV.

35.     On or about July 23, 2018 at approximately 1:22 p.m. E.T., despite Defendant possessing actual knowledge of Eva Donohue's legal representation of Debtor with respect to the Debt and possessing Undersigned Counsel's contact information, Defendant *again* called Debtor's Cellular Telephone using an ATDS, PTDS, or APV.

36.     On or about July 27, 2018 at approximately 11:17 a.m. E.T., despite Defendant

possessing actual knowledge of Eva Donohue's legal representation of Debtor with respect to the Debt and possessing Eva Donohue's contact information, Defendant *again* called Debtor's Cellular Telephone using an ATDS, PTDS, or APV.

37.     Defendant made the above-referenced calls from telephone number 614.758.2142 in an attempt to collect the Debt.

38.     As a direct result of Defendant's actions, Debtor suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and confusion, believing that repeatedly requesting that Defendant cease calling Debtor regarding the Debt was wholly ineffective, that retaining Eva Donohue with respect to the Debt and advising Defendant of the same was wholly ineffective, and that the frequent, repeated debt collection attempts—circumventing Eva Donohue's legal representation of Debtor with respect to the Debt—would simply have to be endured.

39.     It is Defendant's corporate policy to use an ATDS, a PTDS, or an APV when attempting to collect consumer debts, including the Debt (hereinafter, "Corporate Policy").

40.     Defendant employed its Corporate Policy of using an ATDS, a PTDS, or an APV when Defendant made the calls to Debtor's Cellular Telephone in this case.

41.     Defendant made the calls to Debtor's Cellular Telephone with no effective way for Debtor to remove his Cellular Telephone number from Defendant's telephone dialing system.

42.     Defendant made calls, or caused calls to be made, to Debtor with no effective way for Defendant to remove the telephone number from Defendant's telephone dialing system.

43.     Defendant's Corporate Policy provides no effective way for a consumer to effectively revoke any prior existing consent to be called by an ATDS, PTDS, or APV to make Defendant cease calling Cellular Telephone.

44.     Defendant's Corporate Policy and procedures are structured as to continue to call

7

individuals, like Debtor, using an ATDS, a PTDS, or an APV, regardless of how many times said individuals and request cease calling a cellular telephone regarding a debt owed to Defendant.

45.     Upon information and belief, Defendant engaged in a pattern and practice of unlawful debt collection and invasion of privacy, repeatedly and willfully calling consumers' cellular telephones in an attempt to collect debts, using an ATDS, a PTDS, or an APV despite lacking consumers' prior express consent to do so.

46.     Defendant willfully, knowingly and repeatedly undertakes these practices to increase revenue and profitability at the direct expense of consumers' livelihoods and privacy.

47.     Debtor has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call made to Debtor.  Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA and TCPA. Further, Defendant is in the best position to determine and ascertain the number and methodology of calls made to Debtor.

48.     Plaintiff retained Eva Donohue and Leavengood, Dauval & Boyle, P.A. d/b/a LeavenLaw for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

49.     Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, declaratory and injunctive relief, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

50.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made, directly or indirectly, using any ATDS, PTDS, or APV to Debtor's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

51.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made, directly or indirectly, using any ATDS, PTDS, or APV to Debtor's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

52.     As of the date of this complaint, Defendant did not initiate a law suit in an effort to collect the Debt.  Likewise, no final judgment with respect to the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)</u>**

Plaintiff re-alleges paragraphs one (1) through fifty-two (52) as if fully restated herein and further states as follows:

53.     Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Debtor through means which can reasonably be expected to abuse or harass Debtor.

54.     Specifically, despite Defendant receiving the Fax of Representation which provided explicit notice that Debtor retained Eva Donohue with respect to the Debt and provided Defendant with Eva Donohue's contact information, and revoked any prior express consent, Defendant repeatedly made calls to Debtor's Cellular Telephone using an ATDS, PTDS, or APV in July 2018, calling Debtor *at least* four (4) times in its attempts to collect the Debt.

55.     Further, despite Debtor advising Defendant that he retained Eva Donohue with respect to the Debt and providing Defendant with Eva Donohue's contact information, Defendant continued to call Debtor's Cellular Telephone.

56.     Defendant's conduct served no purpose other than to annoy and harass Debtor into paying the Debt by continuing to impermissibly and unlawfully call Debtor's Cellular Telephone

9

and sending statements to Debtor—circumventing Eva Donohue's legal representation of Debtor with respect to the Debt in an attempt to collect the Debt, despite Debtor's demands that such calls cease and be directed to Eva Donohue's office. Defendant refused to cease engaging in such unlawful debt collection conduct and continued to contact Debtor on his cellular Telephone.

57. Defendant's willful, flagrant and vulgar violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

58. As a direct and proximate result of Defendant's actions, Debtor sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**

Plaintiff re-alleges paragraphs one (1) through fifty-two (52) as if fully restated herein and further states as follows:

59. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating directly with Debtor after receiving notice and possessing actual knowledge that Debtor retained Eva Donohue with respect to the Debt and after possessing Eva Donohue's contact information.

60. Specifically, Debtor provided Defendant with notice and actual knowledge that Eva Donohue represented Debtor with respect to the Debt and provided Defendant with Eva Donohue's contact information via the Fax of Representation.

61. Despite possessing actual knowledge of Eva Donohue's representation of Debtor with respect to the Debt and Eva Donohue's contact information, Defendant subsequently sent at least one (1) billing statement and made at least four (4) calls to Debtor between May 2018 and July 2018 in its attempt to collect the Debt directly from Debtor.

62.     As such, Defendant attempted to collect the Debt directly from Debtor, a known represented party in violation of Florida Statutes, Section 559.72(18).

63.     As a direct and proximate result of Defendant's actions, Debtor sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through fifty-two (52) as if fully restated herein and further states as follows:

64.     Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, PTDS, or APV to make a call to a telephone number assigned to a cellular telephone service without Debtor's prior express consent.

65.     At no time herein did Defendant possess Debtor's prior express consent to call Debtor's Cellular Telephone using an ATDS, a PTDS, or an APV.

66.     If Defendant contends it possessed such consent, Debtor revoked any such purported consent through the Fax of Representation, which explicitly revoked any consent to call Debtor's Cellular Telephone and demanded that Defendant direct any debt collection communications to Eva Donohue's office.

67.     Additionally, if Defendant contends the referenced phone calls were made for "informational purposes only," it nevertheless lacked the required prior express consent necessary to place such informational calls to Debtor's Cellular Telephone using an ATDS, PTDS, or APV.

68.     Between July 11, 2018 and July 27, 2018, despite lacking Debtor's prior express consent and despite Debtor repeatedly requesting that Defendant cease calling him regarding the Debt, Defendant made at least four (4) calls to Debtor's Cellular Telephone using an ATDS, PTDS, or APV and called Debtor up to four times.

69.     The telephone calls made by Defendant complained of herein are the result of a repeated willful and knowing violation of the TCPA.

70.     As a direct and proximate result of Defendant's conduct, Plaintiffs suffered:

a.     The periodic loss of his Cellular Telephone service and the cost associated therewith;

b.     Lost material costs associated with the use of peak time minutes allotted under his Cellular Telephone service contract; and

c.     Stress, anxiety, loss of sleep, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a.     Judgment against Defendant declaring that Defendant violated the FCCPA;

b.     Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c.     Judgment providing injunctive relief, prohibiting Defendants from further engaging in conduct that violates the FCCPA and the TCPA;

d.     Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

e.     Judgment against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

f.     Actual damages in an amount to be determined at trial;

12

g.      An award of attorneys' fees and costs; and

h.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

LEAVENLAW

/s/ *Kelly C. Burke*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sean E. McEleney, Esq., FBN 0125561**
[X] **Kelly C. Burke, Esq., FBN 0123506**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
glercher@leavenlaw.com
smceleney@leavenlaw.com
kburke@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA           )
                                )
COUNTY OF ___POLK___   )

Debtor JOSE RIVERA, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Debtor in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Jose Rivera

Subscribed and sworn to before me
this 18th day of ___Feb___ 2019.

_____
Notary Public

My Commission Expires:         Proof of I.D.: ___FL DL.___



Notary Public State of Florida
Stacy Dill
My Commission GG 268965
Expires 01/24/2021